WADDELL & REED ADVISORS MUNICIPAL HIGH INCOME FUND, INC., f/k/a United Municipal High Income Fund, Inc., Plaintiff—Appellant,

v.

DOUGHERTY & COMPANY LLC, f/k/a Dougherty Dawkins, Inc.; Dougherty Dawkins Transition Corp., also f/k/a Dougherty Dawkins, Inc., Defendants—Appellees,

and

THK Associates, Inc., Defendant.

No. 04–35147, 05–35150.

D.C. No. CV–00–01299–HA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2005.

Decided Nov. 30, 2005.

Steven C. Berman, Esq., Keith A. Ketterling, Esq., Stoll Stoll Berne Lokting & Schlachter, PC, Portland, OR, for Plaintiff–Appellant.

Scott G. Seidman, Esq., Tonkon Torp, LLP, Portland, OR, Joseph W. Anthony, Esq., Anthony Ostlund & Baer, P.A., Minneapolis, MN, for Defendants–Appellees.

Before FERGUSON, KLEINFELD, and GRABER, Circuit Judges.

## MEMORANDUM *

Plaintiff Waddell & Reed Advisors Municipal High Income Fund, Inc., brought this diversity action against Defendants Dougherty & Company LLC and Dougherty Dawkins Transition Corporation under Oregon securities law. On de novo review, *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), we reverse and remand for further proceedings.

1. The district court granted summary judgment to Defendants on the ground that Oregon securities law does not apply to Defendants' sale of municipal bonds to Plaintiff. The dispositive issue on appeal is whether there is evidence that Defendants made an "offer to sell ... in this state," Or.Rev.Stat. § 59.335, that is, whether there is evidence that an offer "[o]riginate[d] from this state" even if neither "party [was] then present in this state," Or.Rev.Stat. § 59.345.

The municipal bonds that Defendants sold to Plaintiff were issued by an Oregon non-profit corporation created by the city of Myrtle Creek, Oregon. Defendants are Delaware corporations with their principal place of business in Minnesota. Plaintiff is a Maryland corporation with its principal place of business in Kansas. The sale closed in May 1996, by which time the bonds were owned by Defendants.

But there is evidence in the summary judgment record from which a trier of fact could find that Defendants had earlier made an *offer to sell* to Plaintiff while acting as the agent for an Oregon corporation.

- Thomas Strand, a representative of Defendants, testified in his deposition that when Defendants first contacted the issuer regarding sale of the bonds, Defendants "contemplated that this would be undertaken as a private placement." By this he meant that Defendants "would *not* be acting as the underwriter, but simply acting as the *placement agent.*" Strand further testified that Defendants' relationship with the issuer did not change from that of private placement agent to that of underwriter until *"after we had obtained commitments from ... Waddell & Reed."*

- Timothy Doten, another employee of Defendants, confirmed in his deposition that Defendants first approached Plaintiff about the bonds in the latter half of February 1996. Yet, the Preliminary Official Statement, which Defendants sent to Plaintiff in March 1996, suggested that Defendants still

---

had not firmly committed to underwriting the bonds.

2. Defendants are no longer the prevailing party. Therefore, we need not reach Defendants' cross-appeal relating to the district court's denial of attorney's fees.

REVERSED and REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.